323 So.2d 358
**Doyle TRAUGHBER**

v.

**Homer RODDAM, d/b/a Roddam's Trailer Park.**

**SC 1151.**

Supreme Court of Alabama.

Dec. 4, 1975.

Trawick & Calhoun, Birmingham, for appellant.

Lyman Harris, Birmingham, for appellee.

MADDOX, Justice.

The owner of a trailer park was sued by an insurance salesman who was injured while he was calling upon one of his customers who rented a lot in the trailer park. The trailer park owner moved for summary judgment and filed with his motion a deposition of the injured party, his own deposition, and an affidavit made by him. This evidence, submitted with the motion, in substance, showed that the plaintiff was a life insurance salesman and was calling on one of his customers who rented a trailer lot from the defendant. On the customer's rented lot, there was a concrete block which was used as a step from the top of a retaining wall to the area adjacent to the customer's trailer. The concrete block was not secured in any way, and when the plaintiff stepped on the block on his way into the trailer, he noticed that it "quivered" with him. Later, the salesman went back to his car to get a copy of the insurance policy, and on his way back into the trailer, he stepped from the retaining wall to the concrete block. The block rolled with him, he fell, and was injured.

The trailer park owner's deposition and his affidavit state that he and his wife own the trailer park and they rent lots to tenants under oral leases. It is undisputed that the accident occurred on the leased lot. The landowner denied that he placed the concrete block next to the retaining wall and he said that he did not know who did. He also denied that he had entered into any covenant to repair the premises. The trial court granted summary judgment.

The plaintiff argues that a genuine issue of material fact was presented in that there was at least a scintilla of evidence that the defendant maintained some control over the improvements made on his property. The trailer park owner did testify that the tenants were free to make improvements on their lots "if they passed the Health Department inspection and the Zoning Board inspection." Plaintiff says that this testimony indicated that the owner of the trailer park did exercise some control over what improvements were made. Plaintiff also points to the fact that the defendant built a step on the premises after plaintiff's fall and that this evidence shows that the trailer park owner exercised some control over the improvements which could be made on the trailer lots.

We have viewed the evidence in a light most favorable to the plaintiff, as required by Rule 56, Alabama Rules of Civil Procedure, and we find that there is no genuine issue as to any material fact. The judg-

ment of the trial court, in granting summary judgment, is affirmed.

Affirn.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.